IN THE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| **GARETT BECK,** on Behalf of Himself and on Behalf of Others Similarly Situated**,** | §§§§ | CA No._____ |
| Plaintiff, | §§ | JURY DEMANDED |
| v. | §§ | |
| **JORDAN & SKALA ENGINEERS, INC.,** Defendant. | §§§§§ | |

## PLAINTIFF'S ORIGINAL COLLECTIVE ACTION COMPLAINT

### 1. SUMMARY

1.1. Defendant, JORDAN & SKALA ENGINEERS, INC. ("Defendant"), failed to pay Plaintiff, GARETT BECK, ("Plaintiff") and its other plumbing, HVAC, and electrical designers overtime wages when they work/worked more than forty (40) hours in a workweek as required by the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §201 *et seq*.

1.2 Plaintiff, Garett Beck, and the similarly situated individuals he seeks to represent, are current and former employees of Defendants who worked as plumbing, HVAC or electrical designers within the last three years (hereinafter referred to as "Class Members").

1.3 Defendant's pay practices and policies applied not only to Plaintiff, but also to all Class Members. Therefore, Plaintiff brings this suit on behalf of himself and other similarly situated plumbing, HVAC and electrical designers.

## 2. JURISDICTION

2.1. This Court has federal question jurisdiction of this action under 28 U.S.C. §1331 as this case is brought pursuant to the Fair Labor Standards Act, 29 U.S.C. §216(b).

## 3. VENUE

3.1. Venue of this action is proper in this court, pursuant to 28 U.S.C. § 1391(b)(2), because a substantial part of the events or omissions giving rise to the claim occurred in this judicial district.

## 4. PARTIES

4.1. Plaintiff, Garett Beck, lives in the Southern District of Texas. Plaintiff is a former employee of Defendant and previously worked as a plumbing designer. Plaintiff began his employment with Defendant on or about September 9, 2015 and was terminated in or about March 2017. His written consent to join this lawsuit is attached hereto as Exhibit 1.

4.2. The class of similarly situated employees consists of all plumbing, HVAC or electrical designers who worked for Defendant within the last three years (hereinafter referred to as the "Class Members").

4.3. Defendant Jordan & Skala Engineers, Inc. ("JSE") is an employer qualified to do business in Texas. Defendant JSE is liable as Plaintiffs' "employer" under the FLSA to comply with the minimum and overtime wage provisions set forth herein. Defendant JSE can be served by, serving its Registered Agent for Service of Process, CSC- Lawyers Incorporating Service Company at 211 E. 7th Street, Suite 620 Austin, Texas 78701-4234.

## 5. FLSA COVERAGE

5.1  At all times relevant to this dispute, Defendant is an enterprise within the meaning of the FLSA. 29 U.S.C. §203(r).

5.2  At all times relevant to this dispute, Defendant is an enterprise that engages in commerce or in the production of goods for commerce within the meaning of the FLSA. 29 U.S.C. §203(s)(1).

5.3  At all times relevant to this dispute, Defendant had/has annual gross sales in excess of $500,000.00.

5.4  At all times relevant to this dispute, Plaintiff and the Class Members were employees engaged in commerce or the production of goods for commerce as required by 29 U.S.C. §207.

## 6. BACKGROUND FACTS

6.1  Defendant JSE is an engineering company that offers a range of engineering services.

6.2  Plaintiff worked as a plumbing designer for Defendant JSE. Plaintiff was told by Defendant that his position as a plumbing designer is exempt from overtime compensation however he is expected to work over forty (40) hours per week if Defendant's business demands require a quick turn-around or short deadline. The electrical and HVAC designers that Plaintiff worked with also worked over forty (40) hours per week and did not receive overtime compensation in accordance with the FLSA.

6.3  Due to the high volume of work and constant deadlines, Plaintiff was often required to work long hours (over 40 hours per work week). Defendant was aware that Plaintiff and the Class Members work/worked over forty hours per work week to meet Defendant's deadlines.

6.4    Defendant dictated what hours Plaintiff works, provided the tools for him to do his job, told him what work he is required to complete and the specifications on how the work was to be completed.  On multiple weeks during his employment over the last three (3) years Plaintiff worked from 20-35 hours over 40 hours per work week.

6.5    Defendant controlled all the conditions of Plaintiff's employment.  Defendant determined Plaintiff's pay rate, the schedule he worked, and the policies and procedures Plaintiff and the other Class Members are/were required to follow.

6.6    Defendant also required Plaintiff and the Class Members to fill out a timesheet recording the hours they work on a daily basis.  Defendant required that timesheets be submitted to the team leader, division leader, and/or office manager on scheduled due dates and if Plaintiff and the Class Members were going to be absent on a timesheet due date, they were required to submit their timesheet early.

6.7    As a plumbing designer, Plaintiff's primary duties included, performing calculations and sizing pipe.  Electrical designers' primary duties included sizing wires and circuits. HVAC designers' primary duties included sizing duct work and equipment. Plaintiff and the Class Members worked in Defendant's office as well as occasionally performed site visits for projects he was assigned by Defendant.

6.8    Plaintiff and the Class Members do/did not have the authority to make unilateral decisions regarding the work assigned by Defendant.  Any changes or additions to designs are done through RFIs or Change Order Requests which are approved by the Project Engineer.   Plaintiff and the Class Members cannot arbitrarily make changes to anything without the approval of the Project Engineer.

6.9  Plaintiff and Class Members do/did not have authority to hire or fire any of Defendant's employees and do not have authority to set pay.

6.10  As plumbing, HVAC, and electrical designers, Plaintiff and Class Members regularly work/worked more than forty (40) hours per workweek.  Neither he nor any of the other Class Members had authority to (nor did they): manage an enterprise, hire or fire other employees, set the pay rates of other employees, create policies or procedures to govern Defendant's employees, handle employee grievances, determine the type of equipment or materials that Defendant could use in its operations, enter into contracts on behalf of Defendant or otherwise have operational control over Defendant's business operations and practices.  Moreover, Plaintiff and the Class Members did not perform office or non-manual work directly related to the management or general business operations of Defendant or its customers, nor did they exercise discretion and independent judgment with respect to matters of significance in the conduct of Defendant's business.

6.11  Plaintiff and the Class Members are subject to a single policy and pay plan that they are paid the same amount no matter how many hours they work (with the exception of a purported overtime policy for hours worked over ninet (90) hours per 80 hour pay period as explained herein).  Defendant had a written plan/policy in place which applied to Plaintiff and the Class Members that they were not to be compensated for any hours worked over eighty (80) hours per pay period/ 40 hours per week unless they worked a minimum of ninet(90) hours for an 80 hour pay period.   After ninety (90) hours were worked by Plaintiff and the Class Members for a two-week period, Defendant would then pay Plaintiff and the Class members straight time for any additional hours (over 90hours) worked during that pay period.

5

6.12    Plaintiff and the Class Members were at all times "non-exempt" employees and eligible to receive overtime pay pursuant to Section 207 of the FLSA.

6.13    Defendant improperly classified Plaintiff and the Class Members as exempt from receiving overtime compensation.

6.14    Plaintiff and the Class Members worked/work over forty hours per work week and Defendant fails/failed to pay Plaintiff and the Class Members any overtime compensation.

6.15    During his employment, there were approximately eight (8) plumbing designers, twelve (12) electrical designers and five (5) HVAC designers at any given time who were/are subject to the same pay policy/plan described herein, work/worked overtime hours, and were/are not compensated in accordance with the FLSA by Defendant. Throughout Plaintiff's employment, Plaintiff was aware of multiple other individuals who worked as plumbing, HVAC and/or electrical designers and were not compensated in accordance with the FLSA for hours worked in excess of forty-hours per work week.

## 7.    COLLECTIVE ACTION ALLEGATIONS

7.1    Plaintiff brings this suit as a collective action pursuant to 29 U.S.C. §216(b) on behalf of himself and all other persons employed by Defendant as plumbing, HVAC and/or electrical designers within three (3) years from the filing of this suit who, like Plaintiff, (1) have not been compensated for all hours worked and/or (2) have not been compensated at one and a half times their regular rate of pay for all hours worked in excess of forty (40) in a single work week.

7.2 Defendant classified/classifies and paid/pays all of its plumbing, HVAC and/or electrical designers in the manner described above. Defendant maintained a common pay practice or policy and the Class Members are similarly situated to Plaintiff.

7.3 Defendant's plumbing, HVAC and/or electrical designers all performed the same/similar essential job functions and duties of performing calculations and/or sizing pipe (plumbing), duct work and equipment (HVAC) or wires and circuits (electrical), notwithstanding the fact that one employee might have more tenure or experience than another employee in the same or similar position. Therefore, the Class Members are similarly situated to Plaintiff.

7.4 The damages for each individual can easily be calculated using the same methodology and formula although the exact amount of the damages may vary.

7.5 Defendant possesses the names and addresses of Class Members in its records. The Class Members should be allowed to receive notice about this lawsuit and given an opportunity to join. Like Plaintiff, these similarly situated workers are entitled to recover their unpaid wages, overtime wages, liquidated damages, attorneys' fees and other damages. Therefore, notice is appropriately sent to the following class:

> **All plumbing, HVAC or electrical designers that worked for Defendant at any time from [three years before date of mailing of Notice and Consent] up to [the date of mailing of Notice and Consent].**

## 8. CAUSES OF ACTION

8.1 Plaintiff incorporates the allegation in the preceding paragraphs.

8.2 Defendant misclassified Plaintiff and the Class Members as exempt from receiving overtime compensation, failed to pay them wages for all hours worked and failed to pay

7

them overtime wages required by the FLSA for all hours worked over forty (40) hours per work week.

8.3   Defendant's failure to pay overtime wages to Plaintiff and the Class Members in accordance with the FLSA was willful as that term is defined by Section 255(a) and was not based on a good faith belief that its conduct complied with the FLSA. Therefore, the three (3) years statute of limitations period applies to Plaintiff's and the Class Members' damages in this case.

8.4   Plaintiff and the Class Members are entitled to wages for all hours worked, overtime wages for all hours worked in excess of forty (40) in a workweek, an amount equal to all of their unpaid wages as liquidated damages, as well as their reasonable and necessary attorneys' fees and costs of this action. 29 U.S.C. §216(b).

## 9.   JURY DEMAND

9.1   Plaintiff hereby demands a trial by jury.

## 10.   PRAYER

10.1   Plaintiff respectfully requests that judgment be entered against Defendant, awarding him and all similarly situated employees:

10.1.1  Unpaid wages for all hours work during the period specified herein.

10.1.2  Overtime compensation for all hours worked in excess of forty (40) per work week at the rate of one and a half times his regular rate of pay;

10.1.3  An equal amount of liquidated damages;

10.1.4  Order Defendant to pay reasonable costs and attorney's fees in this action; and,

10.1.5  Order and grant such other relief as is proper and just.

                                          Respectfully Submitted,

                                          ***/s/ Gregg M. Rosenberg***
                                          Gregg M. Rosenberg
                                          USDC SD/TX No. 7325
                                          Texas State Bar ID 17268750
                                          Tracey D. Lewis
                                          USDC SD/TX No. 212007
                                          Texas State Bar ID 24090230
                                          ROSENBERG & SPROVACH
                                          3518 Travis Street, Suite 200
                                          Houston, Texas 77002
                                          (713) 960-8300
                                          (713) 621-6670 (Facsimile)
                                          gregg@rosenberglaw.com
                                          tracey@rosenberglaw.com

                                          Attorney-in-Charge for Plaintiff

OF COUNSEL:
ROSENBERG & SPROVACH                         ATTORNEYS FOR PLAINTIFF